NO. 25-4843

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANDREA BARTZ; CHARLES GRAEBER; KIRK WALLACE JOHNSON,

PLAINTIFFS-RESPONDENTS,

v.

ANTHROPIC, PBC,

DEFENDANT-PETITIONER.

On Petition for Permission to Appeal from the United States District Court
for the Northern District of California, San Francisco
24-cv-05417
The Honorable William Alsup

**MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE AUTHORS ALLIANCE, ELECTRONIC FRONTIER FOUNDATION, ASSOCIATION OF RESEARCH LIBRARIES, AMERICAN LIBRARY ASSOCIATION, AND PUBLIC KNOWLEDGE IN SUPPORT OF DEFENDANT-PETITIONER'S PETITION FOR PERMISSION TO APPEAL UNDER RULE 23(F)**

Mitchell L. Stoltz
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Email: mitch@eff.org
Telephone: (415) 436-9333
Fax: (415) 436-9993
*Counsel for Amici Curiae*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Amici Curiae state that they do not have a parent corporation and that no publicly held corporation owns 10% or more of their stock.

Dated: August 7, 2025            By: /s/ *Mitchell L. Stoltz*
                                         Mitchell L. Stoltz

i

## INTRODUCTION

Pursuant to Fed. R. App. Proc. 29(a)(2) and Circuit Rule 29-2(b) Authors Alliance, Electronic Frontier Foundation, the Association of Research Libraries, the American Library Association, and Public Knowledge here request leave to file the accompanying amicus curiae brief in support of Anthropic's Petition For Permission to Appeal in *Bartz v. Anthropic, PBC*, Case No. 25-4843, filed on July 31, 2025. All parties have consented to this filing.

Under Rule 29, proposed amici are directed to state: (1) their "interest;" and (2) "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. Proc. 29(a)(3)(B). In support of this motion, Amici state as follows:

## IDENTITY AND INTEREST OF AMICI CURIAE

Authors Alliance is a 501(c)(3) nonprofit that seeks to advance the interests of authors who want to serve the public good by sharing their creations broadly. Authors Alliance has over 3,000 members, including Nobel laureates, MacArthur fellows, novelists, historians, fan fiction writers, journalists, and others. We have an interest in this case because it has profound implications for how authors' works are used for training large language models, a transformative technology that will enhance creativity, advance research and learning, and expand access to knowledge. Authors Alliance has also supported authors who are engaged in text data mining

1

and AI research, relying on the very same legal defenses that Anthropic has asserted in this case. Many Authors Alliance members are likely members of this class. We have a particular interest in ensuring that the views of those authors who are supportive of fair use, open access, and wide dissemination and use of their works are not co-opted by rightsholders who have opposing views.

The Electronic Frontier Foundation ("EFF") is a nonprofit civil liberties organization with over 33,000 dues-paying members that works to protect consumer interests, innovation, and free expression in the digital world. EFF has a strong interest in ensuring that copyright fulfills its purpose of promoting progress, serving the interests of creators, innovators, and the public.

The American Library Association and the Association of Research Libraries represent the interests of over 100,000 libraries employing more than 250,000 librarians and other personnel. Libraries have experienced the significant challenges of identifying the current copyright owners of the works in their collections for mass digitization projects.

Public Knowledge is a nonprofit organization that is dedicated to preserving the openness of the Internet and the public's access to knowledge, promoting creativity through balanced intellectual property rights, and upholding and protecting the rights of consumers to use innovative technology lawfully.

2

## AMICI'S BRIEF PROVIDES THE COURT WITH ADDITIONAL PERSPECTIVE

This Court should grant amici's motion to file their amicus curiae brief because it provides additional context and argument about the complexity of determining copyright validity, ownership, licensing issues, and defenses such as fair use at scale. The brief also provides a deeper understanding of the broad diversity of interests represented among members of the certified class.

As our proposed brief explains, the district court in certifying this class engaged in almost no analysis of the contents of the books at issue in this suit, nor the interests of their copyright holders. Because class certification turns on whether "there are questions of law or fact common to the class," Fed. R. Civ. Pro. 23(a)(2), understanding the complex and messy rights issues in this case is critical for this court to make a well-informed decision. *Amici* have extensive experience in evaluating rights issues across large collections of books, having participated directly in rights clearance efforts, in policy studies conducted by the U.S. Copyright Office on the challenges of rights determinations, in testimony to Congress, and in *amicus* briefs. *See*, *e.g.,* U.S. Copyright Office, Orphan Works Roundtable Transcript (March 10, 2014), https://www.copyright.gov/orphan/transcript/0310LOC.pdf. It is due to these complexities that courts have explained that "copyright claims are poor candidates for class-action treatment," *Schneider v. YouTube LLC*, 674 F. Supp. 3d 704, (N.D. Cal. 2023) (quoting *Football Ass'n Premier League Ltd.*

3

*v. YouTube, Inc.*, 297 F.R.D. 64, 65 (S.D.N.Y. 2013)). We seek to explain why this case and others like it addressing massive and diverse collections of copyrighted works are particularly ill-suited for resolution through class actions.

This case also turns on whether the three named plaintiffs can adequately represent a vast and diverse group of rightsholders of some 7 million books. A close analogue to this case is the Google Books litigation, which was a class action suit objecting to Google's digitization of some 20 million books. That suit spanned over ten years and involved multiple attempts at class-wide settlement. *Authors Guild v. Google, Inc.,* 804 F. 3d 202 (2d Cir. 2015). Amici have firsthand experience through that suit with the problems that inadequate representation can cause for absent rightsholders whose views sharply diverge from those who claim to represent them. *See* Brief of Amici Curiae Academic Authors in Support of Defendant-Appellant and Reversal, *Authors Guild v. Google, Inc,* 721 F. 3d 132 (2d Cir. 2013) (Authors Alliance founders and members of the class opposing class certification). We seek to help this Court understand why the district court's failure to adequately consider these deep conflicts within the class is so significant as to constitute manifest error.

Because the accompanying amicus curiae brief would aid this Court, amici respectfully request leave to file.

| | |
|---|---|
| Dated: August 7, 2025 | By:  */s/ Mitchell L. Stoltz*<br>      Mitchell L. Stoltz |

4

ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
mitch@eff.org

*Counsel for Amici Curiae*

5

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on August 7, 2025.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by the appellate ACMS system.

Dated: August 7, 2025

By: /s/ *Mitchell Stoltz*
Mitchell Stoltz

*Counsel for Amici Curiae*