**No. 25-4843**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

**ANDREA BARTZ, CHARLES GRAEBER,
and KIRK WALLACE JOHNSON, Plaintiffs-Respondents,
v.
ANTHROPIC PBC, Defendant-Petitioner.**

On Petition for Permission to Appeal from the United States District Court
for the Northern District of California,
Case No. 3:24-cv-05417-WHA
The Honorable William H. Alsup

### PETITIONER'S RESPONSE TO COURT'S ORDER

Ephraim A. McDowell
Alexander J. Kasner
Elias S. Kim
COOLEY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004-2400
Telephone:  (202) 842-7800

Kathleen R. Hartnett
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:  (415) 693-2000
khartnett@cooley.com

Daralyn J. Durie
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000

Douglas A. Winthrop
ARNOLD & PORTER KAYE
SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3100

Allison Wettstein O'Neill
COOLEY LLP
10265 Science Center Drive
San Diego, CA  92121-1117
Telephone:  (858) 550-6000

*Attorneys for Defendant-Petitioner Anthropic PBC*

On August 3, 2026, the Court ordered Defendant-Petitioner Anthropic PBC ("Anthropic") to file a statement within 14 days explaining why Anthropic's pending Rule 23(f) Petition should not be denied as moot. CA9 Dkt. 28.1. In response to that order, Anthropic requests that the Court continue to hold this appeal and Rule 23(f) Petition in abeyance, until the time for appeal of the district court's final judgment has expired or any such appeal has been resolved.

In support of this response, Anthropic states as follows:

1.      Anthropic filed its Rule 23(f) Petition with this Court on July 31, 2025, CA9 Dkt. 1.1, and it filed its Emergency Motion for a Stay on August 13, 2025, CA9 Dkt. 18.1. The Rule 23(f) Petition sought this Court's permission to appeal the district court's grant of class certification in this case. *See* Fed. R. Civ. P. 23(f).

2.      The Parties subsequently negotiated a proposed class settlement intended to resolve the pending class action litigation in the district court. The Parties memorialized the core terms of that proposed settlement in a binding term sheet dated August 25, 2025. *See* CA9 Dkt. 26.1 ¶ 2.

3.      On August 26, 2025, in light of the pending settlement, Anthropic moved to hold this appeal and the Rule 23(f) Petition in abeyance. *See* CA9 Dkt. 26.1. Plaintiffs consented to that motion. The motion specified that "Anthropic, with Plaintiffs' consent, requests that [the] abeyance last unless and until (i) Plaintiffs' Motion for Preliminary and Final Approval are granted and the time for

appeal has expired or any appeal has been resolved (in which case Anthropic will seek dismissal of this appeal)[.]" CA9 Dkt. 26.1 ¶ 5. This Court granted that motion and held "resolution of th[e] petition and all pending motions in abeyance[.]" CA9 Dkt. 27.1.

4.     On July 20, 2026, the district court entered final judgment and approved the parties' class-action settlement. Dist. Ct. Dkt. 680. In approving the settlement, the district court overruled dozens of objections. *See id.* at 7-12. The objectors have until August 19, 2026, to file a notice of appeal with this Court. *See* Fed. R. App. Proc. 4(a)(1)(A).

5.     On August 3, 2026, observing that the "district court has entered judgment in the underlying action," this Court ordered that within 14 days, Anthropic "either file a motion to voluntarily dismiss this petition or file a statement explaining why the petition should not be denied as moot." CA9 Dkt. 28.1. The deadline for Anthropic's response, August 17, 2026, precedes the August 19, 2026, deadline for any appeals from the district court's final judgment.

6.     In accordance with Anthropic's prior motion to hold the case in abeyance, which this Court granted, the abeyance should last until the time for appeals from the district court's final judgment has expired, or any appeals from the final judgment have been resolved. Until that time, the Rule 23(f) Petition is not moot because there is still a chance (albeit remote) that the final judgment could be

vacated on appeal. In that circumstance, Anthropic's Rule 23(f) Petition seeking to appeal the grant of class certification would present a live issue.

***

For these reasons, Anthropic respectfully requests that this Court continue to hold this appeal, including the Rule 23(f) Petition, in abeyance. Anthropic will promptly move to dismiss the appeal and Petition upon either expiration of the deadline for appeals from the district court's final judgment or resolution of any appeals from that judgment.

Dated: August 11, 2026    Respectfully submitted,

*/s/Ephraim A. McDowell*

Ephraim A. McDowell
Alexander J. Kasner
Elias S. Kim
COOLEY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC  20004-2400
Telephone:  (202) 842-7800

Kathleen R. Hartnett
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone:  (415) 693-2000

Allison Wettstein O'Neill
COOLEY LLP
10265 Science Center Drive
San Diego, CA  92121-1117
Telephone:  (858) 550-6000

Daralyn J. Durie
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000

Douglas A. Winthrop
ARNOLD & PORTER KAYE
SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3100

*Counsel for Defendant-Petitioner Anthropic*

4

## <u>CERTIFICATE OF COMPLIANCE</u>

This document complies with the page-volume limitations set out in Ninth Circuit Rules 27-1(1)(d) and 32-3 because it is 573 words. This document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*/s/ Ephraim A. McDowell*
Ephraim A. McDowell

# <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 11, 2026. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: August 11, 2026                    */s/ Ephraim A. McDowell*

Ephraim A. McDowell
COOLEY LLP